UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRUCE FERRELL, | : |
|       Plaintiff | : |
|   v. | : CIVIL NO. 3:CV-08-698 |
| JEFFREY A. BEARD, et al., | : (Judge Kosik) |
|       Defendants | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| BRUCE FERRELL, | : |
|       Plaintiff | : |
|   v. | : CIVIL NO. 3:CV-08-699 |
| JOHN SHAFFER, et al., | : (Judge Kosik) |
|       Defendants | : |

**Memorandum and Order**

**I.    Background**

Plaintiff Bruce Ferrell[1], a well known litigator in this court, recently filed the above civil rights actions pursuant to 42 U.S.C. § 1983 on April 14, 2008.  He is confined at the State Correctional Institution at Smithfield (SCI-Smithfield),

---

[1] According to previous case filings with this court and DOC records, Plaintiff also uses the names of "Wayne Ferrell", "Dwayne Ferrell" and "Wayne Sundiata Ferrell".

Pennsylvania. Named as Defendants in both actions are Jeffrey A. Beard, Secretary of the Department of Corrections ("DOC"), and various John Doe defendants that are only identified as the Deputy Regional Secretaries for the Middle, Eastern and Western Regions of Pennsylvania, as well as "John Doe Director of Classification," apparently for the Pennsylvania DOC. Also named as a Defendant in Civil Action No. 08-699 is John Shaffer, DOC Executive Secretary. Plaintiff has failed to file either an application to proceed in forma pauperis and authorization form or the filing fee in this case. The cases are before the Clerk of Court for in forma pauperis processing. For the reasons that follow, any requests to proceed in forma pauperis will be denied pursuant to the Three Strikes Rule, codified at 28 U.S.C. § 1915(g), and the actions will be dismissed for failure to pay the full filing fees, with the right of Plaintiff to reopen the cases by paying the full fee for each case within sixty (60) days.

## II.  Allegations in Complaints

In both Civil Action No. 08-698 and Civil Action No. 08-699 Plaintiff complains about being transferred by the Pennsylvania DOC to SCI-Smithfield in October of 2007, his current place of incarceration. In Civil Action 08-698, he complains that the transfer was retaliatory - but he does not state what incident(s) triggered the alleged retaliation. He alleges that the DOC should have attempted to transfer him to a prison in a different state and that physical, psychological and

2

emotional problems are foreseeable at institutions within the Pennsylvania DOC.

In Civil Action No. 08-699, Plaintiff claims that he has, on a previous occasion, been transferred out of SCI-Smithfield due to an incident he had with a prison employee, and thus feels that he therefore should not be housed in said institution again. He also maintains that he should not be housed at SCI-Smithfield because he has litigations pending involving employees at SCI-Smithfield. He appears to allege that there should be an "institution separation" preventing his being housed at SCI-Smithfield. He does not appear to allege that any separation in fact currently exists[2]. He claims that by being housed at SCI-Smithfield, he is "in a position" to possibly be in "imminent danger" and that he is also being delayed and prevented in litigating in the courts. (Doc. 1, Compl. at 4.) He claims his constitutional rights are being violated because it is the responsibility of the DOC to make sure that he is "secure in his person" and that his right to petition the government for a redress of his grievances is protected.

## III. Discussion

The Prison Litigation Reform Act of 1996 ("PLRA"), in an effort to halt the filing of frivolous inmate litigation, enacted what is commonly referred to as the "three strikes" provision. Codified at 28 U.S.C. § 1915(g), the "three strikes" rule

---

[2] Plaintiff does state that a separation order exists preventing his being housed at SCI-Huntingdon. (Doc. 1, Compl. at 4.)

provides that an inmate who has had three prior actions or appeals dismissed as frivolous, malicious, or for failing to state a viable claim may not proceed in a civil action in forma pauperis "unless the prisoner is in imminent danger of serious physical injury."  See 28 U.S.C. § 1915(g). The "three strikes" provision does not bar disqualified inmates from filing additional actions, but it does deny them the opportunity to proceed under in forma pauperis, requiring the inmates to pay the full filing fee prior to commencing suit.

In the above cases, Plaintiff neither filed documents requesting leave to proceed ifp or submitted the required filing fees.  Plaintiff is a frequent filer in this court, and, based upon the numerous actions he has filed here in the past several months, it is likely he will seek to proceed ifp - as he has always done in the past. The fact that he did not submit the filing fees at the time of filing his actions also supports the court's conclusion.

However, it was recently discovered by this court that prior to instituting these actions, Plaintiff has, on more that twenty (20) occasions, while incarcerated, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted. These "strikes" are fully set forth in detail in a Report and Recommendation issued by a Magistrate Judge in the United States District Court for the Western District of Pennsylvania on April 4, 2006.  See Ferrell v. Beard, et

4

al., Civil Action No. 06-484 (W.D. Pa.). The Report and Recommendation dismisses a civil rights action filed by Plaintiff on the basis of 28 U.S.C. § 1915(g) as barred by the three strikes rule, and lists all of the actions previously filed by Plaintiff which fall within the three strikes rule. These cases include the following: Ferrell v. Sigismonti, et al., Civil Action No. 94-3597 (E.D. Pa.), dismissed as frivolous under 28 U.S.C. § 1915(d)[3] by Order dated June 20, 1994; Ferrell v. Librance, et al., Civil Action No. 94-3599 (E.D. Pa.), dismissed as frivolous by Order dated June 20, 1994; Ferrell v. Semeraro, et al., Civil Action No. 94-3601 (E.D. Pa.), dismissed as frivolous by Order dated June 20, 1994; Ferrell v. Commonwealth, et al., Civil Action No. 94-6893 (E.D. Pa.), dismissed as frivolous by Order dated November 21, 1994; Ferrell v. Jury Commissioner, et al., Civil Action No. 94-5796 (E.D. Pa.), dismissed as frivolous by Order dated September 29, 1994, with an appeal therefrom dismissed by the Third Circuit as frivolous by Order dated April 14, 1995; Ferrell v. John Doe, et al., Civil Action No. 95-2800 (E.D. Pa.), dismissed as frivolous by Order dated May 15, 1995; Ferrell v. Horn, et al., Civil Action No. 99-276 (W.D. Pa.), dismissed for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e) by Order dated June 29,

---

[3] The Court of Appeals for the Third Circuit has held that dismissal based on "frivolousness" that occurred prior to the passage of the PLRA are to be included among the three strikes under section 1915(g). See Keener v. Pennsylvania Bd. of Probation and Parole, 128 F.3d 143, 144-45 (3d Cir. 1997).

5

2000; and <u>Ferrell v. Horn, et al.</u>, Civil Action No. 01-1137 (M.D. Pa.), construed as a combined habeas and civil rights action with the civil rights portion dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(I) by Order dated July 5, 2001.[4]

Based on the foregoing, Plaintiff is thus barred by 28 U.S.C. § 1915(g) from proceeding <u>in</u> <u>forma</u> <u>pauperis</u> in the above matters. While there does exist the "imminent danger" exception to § 1915(g)'s "three strikes" rule, it is inapplicable in these cases. The Third Circuit Court of Appeals has concluded that the requisite imminent danger of serious physical injury must exist at the time the complaint or the appeal is filed. <u>See</u> <u>Abdul-Akbar v. McKelvie</u>, 239 F.3d 307, 312 (3d Cir. 2001)(en banc), <u>cert. denied</u>, 533 U.S. 953 (2001). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat ... is real and proximate." <u>Lewis v. Sullivan</u>, 279 F.3d 526, 531 (7th Cir. 2002). In the instant cases, even construing all allegations in favor of Plaintiff, his claims relate to his dissatisfaction with the prison where he has most recently been transferred. While he feels that he is not secure at SCI-Smithfield, there is simply no indication whatsoever in the above complaints that he is presently in any imminent danger of serious physical harm. Simply using the appropriate buzz words in the complaint are not sufficient to avoid the application of the Three Strikes Rule. In

---

[4] For a complete listing of all cases counting as a strike for purposes of 28 U.S.C. § 1915(g), <u>see</u> Document 2 in <u>Ferrell v. Beard, et al.</u>, Civil Action No. 06-484 (W.D. Pa. April 20, 2006).

6

fact, he was transferred to SCI-Smithfield approximately six (6) months ago and has filed numerous lawsuits with this court since that time.  The majority of the lawsuits deal with either the denial of access to the courts or complaints about the cleanliness of SCI-Smithfield.  While the imminent harm inquiry for Three Strikes purposes is relevant only at the time the complaint is filed, and the court finds no such harm to be alleged in the instant complaints, it is interesting that none of the prior complaints allege any fear by Plaintiff for his security and well-being at SCI-Smithfield.  For these reasons, any request by Plaintiff to proceed <u>in</u> <u>forma</u> <u>pauperis</u> in the above cases must be denied in accordance with 28 U.S.C. § 1915(g) and these actions dismissed for failure to submit the full filing fee, with the right of Plaintiff to reopen the cases by paying the full filing fee for each case within sixty (60) days.

**ACCORDINGLY, THIS 16TH DAY OF APRIL, 2008, IT IS HEREBY ORDERED AS FOLLOWS:**

> 1. Any request by Plaintiff to proceed <u>in</u> <u>forma</u> <u>pauperis</u> in the above-captioned actions are **denied** in accordance with 28 U.S.C. § 1915(g), and the actions dismissed for failure to pay the full filing fee without prejudice to Plaintiff to reopen the actions by submitting the full filing fees within sixty (60) days.
>
> 2. The Clerk of Court is directed to **close the above-captioned cases**.

>                                                     *s/EDWIN M. KOSIK*
>                                                     United States District Judge